UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                    :

LISA JOHNSON, *et al.*,         :

                        :     CASE NO. 1:13-CV-02323
               Plaintiffs,    :

                        :
vs.                       :     OPINION & ORDER
                        :     [Resolving Doc. No. 10, 30, and 33]
BANK OF AMERICA, N.A., *et al.*,  :

                        :
             Defendants.    :

                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this unlawful foreclosure action, Plaintiffs Lisa Johnson, Michael Corrieri, and Ronald and Martha Wright move to remand the case to state court.[1] Defendants Bank of America, National Association, and its parent corporation, Bank of America Corporation, oppose the motion [2] For the following reasons, this Court **DENIES** Plaintiffs' motion to remand.

## I. Background

Plaintiff Lisa Johnson borrowed money from Decision One Mortgage Company and used her home as collateral for the note.[3] Defendant Bank of America, National Association subsequently became the servicer of Plaintiff Johnson's mortgage.[4] On July 9, 2009, Defendant Bank of America, National Association, filed a foreclosure action against Johnson.[5] At the time of filing, Defendant Bank of America, National Association, was not the holder of Plaintiff Johnson's mortgage note and

---

[1] Doc. 10.
[2] Doc. 30.
[3] Doc. 1-1 at 6.
[4] *Id.*
[5] *Id.*

Case No. 1:13-CV-02323
Gwin, J.

was not the mortgagee under Plaintiff's Johnson mortgage.[6/]

Plaintiff Michael Corrieri borrowed money from First Franklin Financial Corporation and used his home as collateral in a mortgage transaction.[7/] Defendant Wells Fargo Bank Minnesota, National Association, subsequently serviced Plaintiff Corrieri's mortgage.[8/]  On April 12, 2010, Defendant Wells Fargo Bank Minnesota, National Association, filed a foreclosure action against Plaintiff Corrieri.[9/]  At the time of filing, Defendant Wells Fargo Bank Minnesota, National Association, was not the holder of Plaintiff Corrieri's mortgage note and was not the mortgagee under Plaintiff's Corrieri's mortgage.[10/]

Plaintiffs Ronald and Martha Wright borrowed money from Ownit Mortgage Solutions and used their home as collateral in a mortgage transaction.[11/] Defendant U.S. Bank National Association subsequently serviced the Wright Plaintiffs' mortgage.[12/] On September 9, 2009, Defendant U.S. Bank National Association filed a foreclosure against the Wright Plaintiffs.[13/] At the time of filing, Defendant U.S. Bank National Association was not the holder of the Wright Plaintiffs' mortgage note and was not the mortgagee under the Wright Plaintiffs' mortgage.[14/]

On September 6, 2013, Plaintiffs Johnson, Corrieri, and the Wrights filed a putative class action in the Cuyahoga County Court of Common Pleas against Bank of America, National

---

[6]*Id.*

[7]*Id.* at 7.

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]*Id.* at 9.

[12]*Id.*

[13]*Id.*

[14]*Id.*

-2-

Case No. 1:13-CV-02323
Gwin, J.

Association, and its parent corporation, Bank of America Corporation ("Bank of America Defendants"), Wells Fargo Bank Minnesota, National Association, its successor by merger Wells Fargo Bank, National Association, and its parent corporation, Wells Fargo & Company ("Wells Fargo Defendants"), and U.S. Bank National Association and its parent corporation, U.S. Bancorp ("U.S. Bank Defendants"), on behalf of themselves and those similarly situated.[15]

On October 18, 2013, the Bank of America Defendants removed the lawsuit under the Class Action Fairness Act ("CAFA").[16] On November 7, 2013, Plaintiffs moved to remand.[17] The motion is now ripe.

## II. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[18] Under the Class Action Fairness Act, a district court has original jurisdiction over an action where (1) the amount in controversy exceeds $5 million, (2) any plaintiff is a citizen of a state different from any defendant, and (3) the proposed plaintiff class (or classes) contain(s) at least 100 members in the aggregate.[19] As the party invoking federal jurisdiction, the defendant bears the burden of establishing these jurisdictional prerequisites by a preponderance of the evidence.[20]

---

[15]Doc. 1-1.
[16]Doc. 1.
[17]Doc. 10.
[18]28 U.S.C. § 1441(a).
[19]28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).
[20]*Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404-5 (6th Cir. 2007).

Case No. 1:13-CV-02323
Gwin, J.

## III. Analysis

### A. Amount in Controversy

Plaintiffs do not dispute that their proposed class includes greater than one hundred persons and that minimal diversity exists among the parties.[21/]  However, Plaintiffs say Defendants fail to satisfy its burden of establishing that the amount of controversy more likely than not exceeds five million dollars.[22/]

When a complaint does not specifically allege damages in detail, a removing defendant must establish the threshold is satisfied by a preponderance of the evidence.[23/]  The amount in controversy is "determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'"[24/]  Punitive damages, attorneys' fees, and injunction-related costs are considered in the amount-in-controversy calculation.[25/]

In the case at bar, the Defendants have adequately satisfied their burden of demonstrating that the nature and extent of the damages requested by the Plaintiffs make it more likely than not that the amount in controversy exceeds five million dollars.

Plaintiffs damages include "expenses, costs, and the premature loss of the use of [their] home[s]."[26/] Since Plaintiffs do not quantify the expenses and costs, they seek to recover, substituting monthly loan payments is an appropriate proxy.  The average monthly loan payment for an Ohio property subject to judicial foreclosure between September 2009 and September

---

[21]Doc. 10.

[22]*Id.*

[23]*Smith*, 505 F.3d at 404-5.

[24]*Id.* at 407.

[25]*Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

[26]Doc. 1-1 at 7, 8, and 10.

Case No. 1:13-CV-02323
Gwin, J.

2013 was in excess of $900.[27]

Plaintiff Johnson's Foreclosure Judgment was entered in August 2009–more than 48 months ago.[28]  Using the average monthly loan payment for the foreclosed properties, Plaintiff Johnson's damages for housing expenses are estimated at $43,200 ($900 x 48 months = $43,200).  Using Plaintiff Johnson's housing expenses as representative of the class, even if there are only 120 putative class members (as stated in the Complaint),[29] the housing expenses alone for the Plaintiffs would be over $5.1 million ($43,200 x 120 = $5,184,000).

Moreover, Plaintiffs Johnson, Corrieri, and the Wrights also says that their foreclosure judgments of $59,023.25, $79,500.58, and $78,066.50, respectively are " void."[30]  Even if we use the lowest judgment as representative of the amount to be voided for 120 class members, the amount in controversy would be over $7 million ($59,023.25 x 120 = $7,082,790).  These totals are prior to aggregating punitive damages into the amount in controversy.  Therefore, the amount in controversy requirement under CAFA is met.

**B. Local Controversy Exception**

Plaintiffs say even if the CAFA requirements are met, the local controversy exception requires remand.[31]  Under the local controversy exception, a district court must decline to exercise jurisdiction over a class action where: (1) more than two-thirds of the members of the proposed class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the class seek significant relief, whose alleged conduct forms a

[27]*Id.* at 6, Doc. 1-2.
[28]Doc. 1-3.
[29]Doc. 1-1 at 10. The Complaint says that "[e]ach subclass numbers over forty (40) persons." There are three subclasses. (40 x 3=120).
[30]Doc. 1-1 at 14.
[31]Doc. 10 at 4.

Case No. 1:13-CV-02323
Gwin, J.

significant basis for the claims and who is a citizen of the state in which the action was originally

filed; (3) principal injuries were incurred in the original filing state; and (4) no other class action

has been filed against the defendants asserting the same or similar factual allegations in three

years preceding the case.[32] It is Plaintiffs' burden to show by preponderance of the evidence that

CAFA's local controversy exception applies.[33]

  Here the Court finds that the local controversy exception does not apply because there is

not a significant local defendant. "CAFA does not define . . . 'significant relief' or 'significant

basis' and the Sixth Circuit has not opined on the definition of the above terms."[34] However, the

Third and Eleventh Circuits have held these provisions require a comparison between the local

defendant's significance and the significance of all the defendants.[35]

  Here Plaintiffs say they seek significant relief U.S. Bank, an Ohio corporation, and its

wrongful conduct formed a significant basis for this action.[36] However, there are three

subclasses in this action: the Bank of America subclass, the Wells Fargo subclass, and the U.S.

Bank subclass.[37] Plaintiffs only allege that U.S. Bank harmed the members of the U.S. Bank

subclass.[38] There is no allegation that U.S. Bank harmed the Bank of America subclass or the

---

[32] 28 U.S.C. § 1332 (d)(4)(A).

[33] Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 153 (3d Cir. 2009); Norris v. People's Credit Co., Inc., 1:12CV3138, 2013 WL 5442273, at * 7 (N.D. Ohio Sept. 27, 2013).

[34] Norris, 2013 WL 5442273, at *7.

[35] Kaufman, 561 F.3d at 156 ("If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied."); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1167 (11th Cir. 2006) (analyzing comparative significance of relief sought against local defendant relative to relief sought from co-defendants).

[36] Doc. 10 at 8.

[37] Doc. 1-1.

[38] Id.

Case No. 1:13-CV-02323
Gwin, J.

Wells Fargo subclass.[39]  Therefore, while U.S. Bank may be a significant local defendant for the

U.S. Bank subclass, this does not mean that U.S. Bank is a significant local defendant for the

whole action.  As the Eighth Circuit stated in *Westerfeld v. Indep. Processing, LLC*:

> "[I]f an in-state defendant's significance is determined on a class-by-class basis,
> the in-state defendant will *always* be significant with respect to the classes and the
> claims asserted against it. This reading of the local controversy exception would
> allow class-action plaintiffs to avoid federal jurisdiction under CAFA simply by
> pleading their claims against an in-state defendant as separate counts on behalf of
> a separate class.[40]

The relief sought by one subclass of the entire putative class is not a significant portion of the

whole relief sought.  Therefore, Plaintiffs have not met their burden of showing that U.S. Bank is

a significant defendant.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand this case to state court is

**DENIED**.

IT IS SO ORDERED.


Dated: December 17, 2013                    s/    *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[39]*Id.*
[40]*Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 825 (8th Cir. 2010).